**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thermon McKNIGHT, Defendant-Appellant.**

**No. 17335.**

United States Court of Appeals, Seventh Circuit.

May 21, 1970.

Rehearing Denied June 11, 1970.

Raymond J. Smith, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Chicago, Ill., John Peter Lulinski, Michael B. Nash, Robert J. Breakstone, Asst. U. S. Attys., of counsel, for appellee.

Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge, and GORDON, District Judge.*

KNOCH, Senior Circuit Judge.

Defendant-appellant, Thermon McKnight, was charged in a six-count indictment with three sales of heroin in May and June 1966, in violation of Title 26 U.S.C. § 4705(a) and of Title 21 U.S. C. § 174. The jury found defendant guilty as charged. He was sentenced to serve five years. This appeal followed.

Defendant sets out the issues for review as follows:

1. Whether the trial court erred in failing to grant the defendant's motion for judgment of acquittal.

2. Whether the defendant's conviction for failing to comply with the written order form provisions of Title 26, U.S.C., Section 4705(a) violated his Fifth Amendment privilege against self-incrimination.

3. Whether the defendant was denied due process by the application of the part of Title 26, U.S.C., Section 174, that provides that a defendant's possession of heroin shall be deemed sufficient evidence that the heroin was illegally imported or brought into the United States and that the defendant knew of the illegal importation or bringing in, unless the defendant explains his possession to the satisfaction of the jury.

4. Whether the defendant was denied due process by application of that part of Title 21, U.S.C., Section 174, that provides that when a defendant is in possession of a narcotic drug such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury.

At the time this appeal was submitted for decision Issues numbered 2, 3 and 4 were the subject of cases under consideration by the United States Supreme Court. We held this cause under advisement pending decision of the two cases involved. Both have since been decided adversely to defendant's position. Turner v. United States, 1970, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 and Minor v. United States, 1970, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283.

In arguing that the Trial Court erred in failing to grant defendant's mo-

---

* Judge Gordon of the United States District Court for the Eastern District of Wisconsin is sitting by designation.

tion for judgment of acquittal, defendant relies on evidence of his physical disability. He had been addicted to drugs since 1943 when he was eighteen years old, an addiction which caused his discharge from the United States Navy. He testified that he had used drugs frequently since that time except for the years 1944 to 1949 and almost daily from 1956 until 1964. He said he had suffered a serious gunshot wound in February 1965 which caused substantial nerve damage and partial paralysis which left him in a state of constant excruciating pain, uncontrollable by the medication which had been made available to him by the hospital.

He testified further that in July 1965, when he was contemplating suicide, he met one Bo Carter who promised to give him the drugs he needed in return for securing customers for narcotics. It was under these conditions, he said, that he made the sales in question, acting as a middleman between the federal agent to whom he sold and Bo Carter from whom he obtained the drugs which he delivered. His landlady and another witness testified to seeing the defendant suffering from extreme and obvious pain. The then Chief Psychiatrist for the Illinois State Training School for Boys in St. Charles, Illinois, who had been staff psychiatrist at the Municipal Court of Chicago and for the Cook County Jail, answered a hypothetical question based on the testimony and some hospital records, that the acts on the dates of the sales were not voluntary on the part of the defendant, that he would not have been in sufficient control of his conduct to refrain from the acts charged in the indictment. Defendant stresses the fact that no counter psychiatric testimony was presented by the government.

Defendant would distinguish Castle v. United States, 1964, 120 U.S.App.D.C. 398, 347 F.2d 492, 494, cert. den. 381 U.S. 929, 85 S.Ct. 1568, 14 L.Ed.2d 687 and 381 U.S. 953, 85 S.Ct. 1811, 14 L.Ed. 2d 726 and 388 U.S. 915, 87 S.Ct. 2129, 18 L.Ed.2d 1356 (where the Court held that the defense of compulsion presented an issue of fact for the jury) because there was no showing that the defendant in *Castle* was in physical pain as well as addicted to drugs. However, even if we accept that distinction, the existence of severe pain was itself in issue here. Defendant testified that he was in severe pain at the time of the sales and carried out the transactions only to secure medication to relieve the pain over which he had no control. Special Agent Frank J. Boyles of the Federal Bureau of Narcotics and Dangerous Drugs, who had made the purchases in question, testified to his extensive experience in observing addicts suffering from immediate need of drugs and those suffering actual withdrawal symptoms, as well as those suffering extreme pain. He described the various different symptoms exhibited in such cases and stated that defendant had shown none of them during their dealings. At the first sale he had watched defendant run across the street in the rain. At the second sale, he thought defendant appeared "very slightly in need of a fix," perspiring, for instance, but rational, and that he walked away showing no signs of pain. On the third occasion he found the defendant completely normal.

The jury were fully instructed on the theory of the defense. The Trial Judge properly allowed this issue of fact to go to the jury. United States v. Schwartz, 7 Cir., 1968, 398 F.2d 464, 468, cert. den. sub nom. Pyne v. United States, 393 U.S. 1062, 89 S.Ct. 714, 21 L.Ed.2d 705.

Careful consideration of all points and authorities cited by the defendant leads us nevertheless to the conclusion that the judgment of the District Court must be affirmed.

The Court wishes to express its appreciation of the able and conscientious representation of the defendant-appellant by Mr. Raymond J. Smith of the Illinois bar as Court-appointed counsel.

Affirmed.